You may be seated. Good afternoon. Our first case this afternoon is 4-15-0-3-5-0 and that is the case of Thomas v. Finson. For the appellant we have Mr. Thomas and for the Please do, sir. Thank you. Good afternoon. If it pleases the court, I think my briefs adequately state my position, but I would like to hit some high spots for you if that's all right with you. The Illinois Constitution provides that there shall be at least one circuit judge from each county. I believe this means that one resident judge should serve that county. What is your authority for that? I'm sorry? What is your authority for that? My authority is... Your argument is that Judge Finson has to stay in Hyatt County all the time, right? No. Okay. He can be assigned temporarily to other courts. I don't dispute that. There is some flexibility there. But he's spending four or five days, at least, outside the county. And a resident judge is required to live in a county, and I believe that means he should serve that county substantially. I don't mean all the time. What's your authority for that? Well, I take that mostly, I get that clarification from the Sixth Constitutional Convention debates, and also the Section 16 of the judicial article that says the Supreme Court may temporarily assign a judge outside his home jurisdiction. Well, I think you may have misread that. The Constitution provides that you can assign judges from outside the circuit on a temporary basis. And until several years ago, downstate judges were assigned to Chicago with regularity. And as a matter of fact, the Eighth Circuit had its own courtroom in Cook County. That's what that provision provides. I don't think there's any question that circuit judges from Champaign County can be assigned to Chicago temporarily, only temporarily. I don't think any judge who's, in this case, elected by only the Piatt County voters, I don't think that judge, who's a resident judge of Piatt County, I don't think he can be transferred more than temporarily outside of Piatt County. That's what that means. What is it that means that, counsel? I'm not sure I understand. Section 16? Yeah, when it says the Supreme Court has authority to temporarily transfer a judge outside his home district. No, it says the court may, this is talking about the Supreme Court, the court may assign a judge temporarily to any court. It doesn't say outside his home district, just to any court. Temporarily. But what's temporarily mean if it doesn't mean transferring the judge out of where he normally sits? I mean, it has no meaning if it doesn't say that. It might as well say an Illinois judge sitting in Illinois can be temporarily transferred to any court in Illinois. Well, within a circuit, within a circuit, what's required to assign and who assigns judges who are elected or appointed associate judges within a circuit to where they're going to be serving? Well, I think the State Board of Elections decided who, what voters elected Judge Finson, just the Piatt County voters, so that means he should serve Piatt County. Well, that doesn't answer my question. Who decides that, well, there are 14 circuit judges and 11 associates judges in the Sixth Judicial Circuit. Who decides where they will be holding court? Well, I think the Constitution does as far as resident circuit judges. Resident judges, the one from Piatt County should serve Piatt County. Well, Rule 21c of the Supreme Court says the chief judge of each circuit may enter general orders in exercise of his or her general administrative authority, including orders providing for the assignment of judges, general specialized divisions, and times and places of holding court. In fact, the Sixth Circuit, where this case arises, Chief Judge Dan Flannel has the authority to say where all the judges will be holding court. Well, I believe the Constitution trumps Supreme Court rules. Is there specific language in the Constitution that says that a resident circuit judge must serve a substantial amount of time in the county where he or she was elected? It doesn't say that in so many words, but I think that's implied. That's your interpretation, right? It doesn't say that, but that's how you want us to interpret it? Well, I think there's authority for that. I mean, that's the position you take in your brief in arguing that this is not a JIB issue because you want us to interpret the Constitution in the way that you have interpreted it, correct? I don't think the judge, the Judicial Inquiry Board, has authority to decide a case until the courts have decided the issue of law that I'm bringing up. And that issue is whether or not to interpret the Constitution to require Judge Fenson to serve a substantial amount of time in Piatt County, right? Yes. And by substantial, you know, I said majority of the time in my first brief. I don't think that's an important distinction. I think each case should be decided on its own. And in this case, Judge Fenson is sitting four days out of five in other counties. Since he's been a judge, I think that exceeds that requirement of a resident judge. And I get my support from the Constitutional Convention. Right. And indicating that you want us to interpret it that way, aren't you conceding that the plain language of the Constitution itself does not say that? No. I don't think it's clear what there shall be at least one circuit judge from each county means. From each county, what's that mean? Does it mean he's only representing that county in the circuit? I think the Constitutional Convention debates clearly say no, that's not what is meant by that. And if that's not what is meant, what does it mean? It must mean that judge must serve that county. And again, I get that authority for going to the Sixth Convention debates from Tice v. State Board of Elections, which says the plaining meaning rule should not thwart obvious intent of drafters of the Constitution by including enlightening material. Counsel, I've been on this court a long time, and this is as ridiculous an argument in appeal as it's been my misfortune to see. And I want to give you a chance to tell me why this court shouldn't impose sanctions upon you under Rule 375 for the grounds that this appeal is so stupid and groundless as to amount to being frivolous. Judge, I don't see how the court can take that position. I filed with my petition for special prosecutor a 17-page research brief that outlined very carefully. I did a lot of research before I filed this. And Judge DeFonis didn't explain why he thought it was stupid either, and I don't understand. The judge general hasn't explained it to me. You're making that claim, and I don't understand why. Because I've just cited a case that says it's legitimate to refer to the Constitutional Convention debates, and those debates say that the purpose of this one-judge, one-county rule is not simply for a circuit judge to represent the circuit. Why don't you read the portion from the debates that you believe states that? Page 2284. And I note that Ms. Hanson did not respond to this. In her brief, starting at the upper left part of page 2284 of the Sixth Constitutional Convention debates, Mr. Miller asked, Could you explain the rationale of your committee in building that language, at least one circuit judge in each county, building that language into the Constitution? Mr. Fay said, It's there now, and we propose to liberalize it a little bit and make that subject to law, make it unless otherwise provided. Mr. Miller, All right, in maintaining that plan, do you recognize the geographics that you're trying to achieve representation, balance of representation throughout the downstate counties? Is that an objective of this? Mr. Fay, Not a primary objective. Representation is not a primary objective. It's a side result of it, but that's not the primary reason it's there. It's to give each county its own judge. There's other parts of the And that's your interpretation. The committee comments to Paragraph B of Rule 375 say, The determination that an appeal is frivolous or conduct is improper is based on an objective standard of conduct, namely an appeal will be found to be frivolous if a reasonable, prudent attorney would not in good faith have brought such an appeal. Well, like I said, I filed a 17-page research brief with my petition to appoint a special prosecutor as a ground. I carefully researched this. I don't think it's frivolous at all. I think it has great merit. And you're welcome to explain to me why it's frivolous. I don't understand it. Nobody's explained it to me yet. I mean, there's other parts of the Constitutional Convention debates that talk about this idea. It's important that he, the resident judge, be there with his people. That means the judge should be with the county that elected him, the county of his residence. That's page 2356. Well, I live in the Seventh Circuit, and in the Seventh Circuit, judges move around constantly. The resident circuit judge in the Coupon County spends at least two days a week in Samuel. At least. What's the matter with that? I say each case should be decided on its own facts. I'm saying here where Judge Vincent spends four out of five days outside the county, and he's done that ever since he's been appointed, much less elected, I think that's too much. Whether two days out of five is too much, I don't know. That's a different case. I'm saying this case is too much. And I say it's constitutionally too much. It doesn't matter what the rules of past practices, the Constitution trumps all of that. All I'm arguing is what the Constitution says, and I'm getting to answer Justice White's question. I'm relying on that language from the Constitution. There shall be at least one circuit judge from each county. And the meaning of that, in light of the material from the Constitutional Convention debates, is to say that doesn't mean it should just be representative.  If that were the case, Judge Vincent would be okay. But he was elected only by the people of Piatt County. He should serve Piatt County. He can be transferred out as the courts in the other counties have need, but he shouldn't be transferred because of his own conflict situation. That's the difference. And as far as the Judicial Inquiry Board, again, there's clear case law, again, which Ms. Hanson didn't respond to in her brief, that there needs to be determined law. It has to be decided by a court this question I'm raising. And I haven't found any case law that any court has decided this question. So I don't see how the Judicial Inquiry Board can act when they don't have anything from the courts to say to them what the Constitution means on this issue. Again, Judge DeFanis in the lower court, he made the statement, if Judge Vincent is violating the Constitution, it's up to the Judicial Inquiry Board and the Illinois Courts Commission to do something about it. Well, the Judicial Inquiry Board is sitting there and saying, if, well, you guys are supposed to tell me what if is, whether this is violating the Constitution or not. Judge DeFanis didn't make any ruling on the question I raised, is my interpretation correct or not. He just said, if my interpretation is correct, then the Judicial Inquiry Board gets involved. That doesn't leave the Judicial Inquiry Board with anything to work with. And the Herod case supports that. The Herod case says the Judicial Inquiry Board can't act unless it's determined law, unless it's sure the law is being violated. So, again, I get the impression you think my argument is stupid. But I've yet to hear anybody explain why. And I've got a 17-page brief to support my argument. I've got the briefs I've submitted to the court. I think I'm relying legitimately. Well, counsel, the problem is what you're relying on doesn't state what you're saying that it states. And it's not about how many pages your brief may have been. It's about whether or not it was proper to bring the issue before the court. And, at best, you're asking for an interpretation of the Constitution and whether or not this is appropriate. At worst, you're raising an issue that is clear from the statutory language and the language in the Constitution that it's appropriate for Judge Fenson to do what he's doing. Well, again, the State Board of Elections decided that it's one judge from each county and that only the Piatt County voters have a right to vote for Judge Fenson. And that has nothing to do with where he serves. There is no language that directs where he must serve. Well, when he's a resident judge, I think Section 11 of the judicial article says something else. I'm talking about in terms of being able to serve in other places and not being limited for a majority of the time to be in Piatt County. Well, I can understand you're not accepting my argument, but it sounds like you're sitting on some dispute. I haven't said that, counsel. I have not said that. Well, the court as a whole. And, again, I haven't heard an argument saying why. Well, you're here to argue, counsel. We don't explain to you. You are here to argue and justify why you feel your appeal is not meritless and that it's not frivolous. Well, I responded to Ms. Hansen's brief. Like I said, she didn't respond at all to my point about the Tease case or the Herod case. I think under Tease, I'm entitled to look at the Constitutional Convention debates. And there, that statement I read, this is not a representative situation. The judge from Piatt County is not representing. Not entirely. Not primarily. You're leaving out language that you read. It's not primarily. So there must be a primary purpose for it. What you're saying is it is primarily a representative. No, no. What I'm saying is you need to read it accurately. That's what we need to go by the language you left out primarily this last time. Well, what's primarily mean? Primarily means that's the main objective for one judge per one county. If that's not the main objective, surely you agree the language says that. That's not the primary objective. What is the primary objective? Does it state that the primary objective is that you have a resident circuit judge spending the majority of his or her time in their county? Do they talk about that? Is there any language to that effect? They talk about that elsewhere in the debates. Counties should have their own judge. A quote of that somewhere. But you're not disputing that Judge Vinson is from Piatt County, that Judge Vinson resides in Piatt County? I don't dispute that, no. But being from Piatt County, what's his responsibilities to that county? I think the implication in those words at least raises the question. And the debates show, like page 2352 of the debates, bottom of the second column. Counties in the downstate circuits be assured of their own judge. I mean, is that judge just to represent them in the circuit at large? Clearly by that other language, no. Their own judge. What can that mean that the judge serves that county? You might say he can serve that county one day out of the week out of five, but I don't think that does justice to the language. Thank you. Thank you. Ms. Hanson?  Christina Hanson, Assistant Attorney General on behalf of Judge Vinson. As Petitioner stated, he doesn't allege that Judge Vinson failed to meet the eligibility requirements of the office that he holds, and he doesn't allege that Judge Vinson has engaged in any misconduct. The only allegation here is that because a conflict of interest has prompted the Chief Judge to assign him to other courthouses within the Sixth Judicial Circuit, that he is ineligible for office, essentially, that he's holding his office in violation of the Constitution. And that claim lacks merit. And even if it didn't, removing a judge for failing to meet the eligibility requirements of office is within the authority of the courts commission, not within this court's jurisdiction. I think the Illinois Constitution is clear that a judge is not required to sit in the county from which he was elected at all times. There's nothing in the Constitution supporting Petitioner's claim. Section 7B provides, well, he's correct that Section B provides that there should be at least one judge from each circuit. And Section 7B also makes clear that it's one judicial circuit. And pursuant to Section 7C, the Chief Judge has general administrative authority over the entire circuit, and it's within the Chief Circuit Judge's administrative authority to assign judges within the various courts according to the needs of each court. In this case, pursuant to administrative order, the Chief Circuit Judge has assigned Judge Vincent to hear cases in Piatt County on certain days, and in another county on other days. And further, Article VI, Section 16, doesn't require any particular assignments within each judicial circuit. Rather, it relates to the Supreme Court's authority to assign judges on a temporary basis to any court. And so that does not lend support to Petitioner's argument either. Petitioner relied on the constitutional debates and argued that under these, the court should be looking at the constitutional debates. I just wanted to point out that that case presents a very narrow rule to the general requirement that you don't look beyond the clear language of the Constitution. That narrow rule applies when there is direct language on point that informs the question at issue in the case. That's not the case here. The language that Petitioner discusses from the Constitutional Convention, that the primary objective of one Circuit Judge from each county is not primarily meant to be representative, doesn't address the particular issue. It doesn't address whether, where each judge, which courthouse each judge is required to sit in, whether a Circuit Judge is required to serve his entire, substantially all, a majority of his entire time within the circuit, or within the county that elected him. In fact, the framers go on to state, they go on to state that the reason that that was maintained in the Constitution was because that's roughly the way it was done before. There were certain changes made to the structure of the Circuit Court, but roughly there was a judge. That's roughly the way it was done before. And the framers intended for the Constitution, intended for the structure of the judiciary to have flexibility. And that's why it was, unless otherwise required by law, there would be one circuit, there would be one judge in each county. But it was, and administrative authority, there was significantly more administrative authority granted to the Supreme Court, and in turn to the Chief Circuit Judge of each circuit court, pursuant to the Supreme Court's authority. There's nothing suggesting the interpretation that petitioner requests. And in any case, under the Supreme Court's authority in Goodman, it would be up to the Courts Commission to remove a judge from office if he fails to meet the eligibility requirements. Thank you, Counsel. Any rebuttal, Mr. Thomas? The first thing, as Hanson said, was the Constitution says the judge doesn't have to serve in his home district at all times. And that's the thing I said right at the beginning. I'm not talking about all times. It's not what I'm saying. I'm saying four days out of five is too much. Where does it make any reference to how much time he serves in his home county? Well, I think it's implied in the language that there is a resident judge and that he's elected by his home county. That's how he gets elected. Where does it say anything about how often he serves there? Well, again, I'm referring to that language in the constitutional debates. It's not meant to be representative. A judge is not meant to be representative of his county in the circuit. You mean the language about that's not the primary purpose? Is that the language you're referring to? The primary purpose. Again, that's not the primary. Not the primary purpose. I mean, that can be. I mean, certainly when a judge is elected in a circuit, in a county, certainly he does represent the circuit. I mean, that has to be that way. I mean, so that's what that means. It's not primary. But that is a side effect of that requirement. I want to make clear, too, in this debate language, it talks about flexibility. The debates are talking about the majority and minority view in which the language, unless otherwise provided by law, is being debated. That's the flexibility they're talking about, giving the legislator flexibility to change the one county, one judge requirement. The majority position prevailed, and that language was included in the Constitution. That's the flexibility. The legislature can change that one judge, one county provision. But they haven't in the 45 years since the Constitution was enacted. But that's the flexibility they're talking about, not flexibility of the Supreme Court to administer the courts in a way that a judge goes more than temporarily from his home district to some other court. And as Hanson said, this administration, it's according to the needs of each court. I think if you read those debates, they talk about any transfers being driven by the needs of the court, not by the predicament the judge is in and being in a complex situation. The judge is supposed to serve the court and the circuit, not the other way around. And the courts aren't supposed to accommodate the needs of a judge who has a conflict, who would normally be sitting in Piah County but can't because he's the uncle of the state's attorney. That's the judge's need that the courts are accommodating, and that's backwards. And again, I have to emphasize, temporarily to any court, what does temporary mean? If temporary is four days out of five forever, I don't... Well then, okay, it's temporary, but I don't think that's what the word temporary means. And again, Ms. Hanson talks about the plain meaning rule with its narrow application. Again, this language about the judge is not supposed to be a representative of the county in the circuit, I think that's very specific. The question was pointedly about what's this language mean? What's this language, one judge, one county? What's that mean? And the answer is it's not supposed to be representative. I keep saying it, but... Not primarily. Again, it's going to be representative by very nature because if you elect a county judge in a circuit, by the very nature of the thing, that judge is going to represent that county in the circuit. And it goes beyond that. That's not the primary objective, to represent, just be a representative. There's more of an objective to that than the one county, one judge rule. Well, that's all I have to say, unless you have more questions. I don't see any. Thank you. We'll be in recess.